UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM HUGH WILSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-20-549-G |
| | ) |
| S. YOUNG, | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

Petitioner William Hugh Wilson, a federal prisoner, initiated this action by submitting a habeas corpus petition seeking "to vacate his term of incarceration pursuant to 28 U.S.C. §2241." *See* Pet. (Doc. No. 1); Pet'r's Br. (Doc. No. 1-1). In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review.

On July 22, 2020, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 11), in which he recommended the habeas petition be dismissed due to a lack of statutory jurisdiction. On August 10, 2020, Petitioner timely filed an Objection to the R. & R. *See* Pet'r's Obj. (Doc. No. 12).[1] The filing of Petitioner's Objection triggers de novo review by this Court. *See, e.g.*, *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] Petitioner also filed two motions, which the Court has considered along with the Objection. *See* Doc. Nos. 13, 14.

I.   *Background*

As alleged in the Petition and recounted in the R. & R., in May 2017 Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in the U.S. District Court for the Western District of Michigan. His conviction was affirmed on direct appeal by the Sixth Circuit Court of Appeals in July 2018.

On July 18, 2019, Petitioner filed a motion in the sentencing court to vacate, set aside, or correct his criminal sentence under 28 U.S.C. § 2255. That court denied his motion on December 5, 2019. *See United States v. Wilson*, No. 1:17-CR-60, 2019 WL 6606340 (W.D. Mich. Dec. 5, 2019). The Sixth Circuit denied a certificate of appealability and dismissed Petitioner's appeal on July 10, 2020.

II.  *Statutory Jurisdiction*

Petitioner filed his Petition in this Court on June 11, 2020, challenging the validity of his conviction. Specifically, Petitioner argues that pursuant to the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), his guilty plea on the § 922(g) charge was invalid and was improperly accepted because he "was not informed that an additional element of the underlying offense was that 'he knew he had the relevant status [as a felon] when he possessed [the firearm].'" Pet'r's Br. at 2 (quoting *Rehaif*, 139 S. Ct. at 2194 ("To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.")).

As Judge Erwin concluded, this argument is an attack on the legality of Petitioner's detention, rather than on the execution of his sentence. Such an attack generally may be

2

made only by filing a motion for relief in the sentencing court under 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  As noted above, Petitioner previously sought and was denied relief under § 2255 from the sentencing court.  In order to now file a second or successive § 2255 motion, Petitioner would need to obtain leave from the Sixth Circuit.  *See* 28 U.S.C. §§ 2244(b), 2255(h).

There is no indication from Petitioner's Objection or from the remainder of the case record that Petitioner has sought such leave from that appellate court.  Rather, liberally construed, Petitioner's Objection argues that he should be permitted to forgo this requirement and instead seek relief via a § 2241 habeas petition pursuant to § 2255's "savings clause."  *See* Pet'r's Obj. at 2.

The § 2255(e) "savings clause" provides that a federal prisoner may challenge the legality of his detention through such a petition only if "it . . . appears that the remedy by motion is inadequate or ineffective."  28 U.S.C. § 2255(e).  Judge Erwin concludes, and the undersigned upon independent review agrees, that Petitioner does not satisfy his burden to demonstrate that "the § 2255 remedial mechanism is 'inadequate or ineffective' to test the legality of his detention."  *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (quoting § 2255(e)).

Although Petitioner takes issue with the denial of his first § 2255 motion, "[f]ailure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective."  *Bradshaw*, 86 F.3d at 166 (internal quotation marks omitted). Further, the *Rehaif* decision was issued prior to the date that Petitioner filed his § 2255 motion in the sentencing court.  Petitioner's *Rehaif* argument therefore "could have been

3

tested in [his] initial § 2255 motion," and so Petitioner "may not resort to the savings clause and § 2241." *Prost*, 636 F.3d at 584. This Court therefore lacks statutory jurisdiction to hear Petitioner's claims. *See id.* at 581; *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

    III.    *Transfer or Dismissal*

Further, the undersigned agrees that transfer of this case to the Sixth Circuit Court of Appeals would not be in the interest of justice because Petitioner cannot satisfy the requirements to obtain authorization from that court for a second or successive § 2255 motion. To obtain such authorization, Petitioner would be required to show that his motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also id.* § 2244(b).

Petitioner points to no new "evidence" in his Objection or other filings. *Id.* § 2255(h)(1); *see also Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) ("*Rehaif*'s change in statutory interpretation cannot be considered 'newly discovered evidence.'"). Further, the Sixth Circuit has expressly held that "[t]he rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El*, 800 F. App'x at 349 (quoting *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)).

CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (Doc. No. 11) is ADOPTED and the Petition (Doc. No. 1) is DISMISSED without prejudice for lack of statutory jurisdiction.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 11th day of March, 2021.

_____
CHARLES B. GOODWIN
United States District Judge